NOT FOR PUBLICATION　　　　　　　　　　　　　　　　　(Docket Nos. 11, 15)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
　　　　　　　　　　　　　　　　　　　:
JOHN DIGIORGIO,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　　　　:　　Civil No. 08-2444 (RBK/AMD)
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　:　　**OPINION**
　　　　　　　　　　　　　　　　　　　:
STATE OF NEW JERSEY, et al,　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　:
_____:

**KUGLER**, United States District Judge:

　　　Presently before the Court is a motion by Defendant the Secretary of the Air Force ("the Federal Defendant") to dismiss the Complaint against him filed by Plaintiff John DiGiorgio ("Plaintiff") as well as a motion by Defendants the State of New Jersey, the New Jersey Air National Guard, and Major General Glenn K. Rieth ("the State Defendants") to dismiss Plaintiff's Complaint. For the reasons expressed herein, the Court will grant in part and deny in part the Defendants' motions to dismiss.

**I.　　BACKGROUND[1]**

　　　Plaintiff is a Caucasian male who was, until March 2007, employed in New Jersey by the United States Air Force as a National Guard Technician. Plaintiff held a dual status as both as an aircraft mechanic in the federal civilian civil service and a military member of the New Jersey

---

[1] Because the Court must accept all well-pleaded allegations as true for the purposes of the motion to dismiss, the following background is taken from Plaintiff's allegations as stated in his Complaint and is not intended to constitute findings of fact.

1

Air National Guard.  Plaintiff alleges that while he was so employed, Defendants subjected him to discrimination and retaliation based upon his gender and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq.  Additionally, Plaintiff claims that Defendants violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), when they failed to provide him with health coverage or notice of his eligibility for continued health coverage after his termination.

Plaintiff's discrimination and retaliation claims arise out of events that occurred beginning in or about April 2004, when Plaintiff's immediate supervisor, Kate Urie, assigned an African American employee to assist Plaintiff at work.  When the subordinate employee committed an error in executing his responsibilities, Plaintiff dismissed the subordinate from his supervision.  The subordinate reported the dismissal to Urie, who then challenged Plaintiff's decision to dismiss the subordinate and questioned Plaintiff's authority to do so.  Later, Urie gave Plaintiff a negative performance evaluation, which Plaintiff alleges was based upon Urie's perception that Plaintiff had penalized the subordinate based upon his race.  Within the week, Urie promoted the subordinate.  Urie proceeded to put "numerous negative 904-1 entries" in Plaintiff's personnel file, failing to remove the entries within the standard time.  (Compl. at ¶ 19.)  Also, Urie extended Plaintiff's probationary period indefinitely without meeting with him to discuss his work performance.

Plaintiff complained to other of his superiors and his union president.  Urie, when questioned by the squadron commander, is reported to have described Plaintiff's indefinite

probationary period as a joke. Plaintiff reported the situation to yet another superior who told Plaintiff he would investigate Urie's alleged retaliation. Plaintiff is unaware of any such investigation taking place.

Urie subsequently prevented Plaintiff from completing the training required for him to qualify for an advancement in skills training such that he could qualify for a promotion and associated pay increase. Plaintiff reported Urie's behavior but was unable to find another superior to approve his skills certification for the promotion. Plaintiff alleges that others of his superiors feared reprisal by Urie, who "had a known history of retaliation against white males." (Compl. at ¶ 33.)

On or about October 30, 2006, Plaintiff filed a formal discrimination complaint against Urie. Immediately thereafter, Urie denied Plaintiff's promotion, gave him poor performance evaluations, harassed him with derogatory comments, and provided him notice of his termination. Plaintiff resigned prior to his effective firing date. Upon his departure, Plaintiff was not provided notice of any COBRA benefits.

Plaintiff alleges that Urie, an African American female, has discriminated against white male employees in the past. Urie allegedly called Plaintiff and other white male employees "chicken head," a slang term "referring to someone who performs oral sex in exchange for favors, like a prostitute or someone who is really dumb." (Compl. at ¶ 46.) Urie allegedly allowed a photo of a white male employee to be posted in Plaintiff's workplace with a caption that read "177th Crew Chief Mindless Gorilla." (Compl. at ¶ 47.) Urie allegedly started a rumor that Plaintiff has a problem with anger management, a claim which resulted in Plaintiff being banned from work. (Compl. at ¶ 48.)

3

Plaintiff has alleged that by way of the above actions, the Defendants, by and through their agents, acted in a manner contrary to the provisions of Title VII and the NJLAD.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs of suit, as well as injunctive relief.  Plaintiff further seeks equitable and injunctive relief with respect to his COBRA claim.

The Federal Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint.  The State Defendants argue that Plaintiff's entire Complaint is barred by Supreme Court precedent.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction.  The burden of persuasion rests with the plaintiff when subject matter jurisdiction is challenged under Rule 12(b)(1). Hedges v. United States, 404 3d 744, 750 (3d Cir. 2005).  In considering a motion to dismiss for lack of subject matter jurisdiction, "the person asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all

inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

### III. ANALYSIS

#### A. Plaintiff's Title VII Claim

The hybrid nature of Plaintiff's position, as a dual-status aircraft mechanic in the federal civilian service and a military member of the New Jersey Air National Guard, requires this Court to consider whether Plaintiff's claims are justiciable in this, a civilian court. The Supreme Court has held that the government may not be held liable in tort for injuries to military personnel which "arise out of or in the course of" their military service. Feres v. United States, 340 U.S. 135, 146 (1950). The Supreme Court has extended the Feres doctrine, holding that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." Chappell v. Wallace, 462 U.S. 296, 305 (1983). The Court has based its jurisprudence in this area on its reasoning that in the interest of military discipline and the "peculiar and special" relationships between and among members of the military, suits of this nature should be barred. United States v. Brown, 348 U.S. 110, 112 (1954).

Another court in this district, considering whether the hybrid Air National Guard technician position leads to the same analysis and bar to suit in a Title VII case, determined that the Feres doctrine prevents Air National Guard technicians from bringing suit against their superiors under Title VII. Urie v. Roche, 209 F. Supp. 2d 412, 417 (D.N.J. 2002). Judge Rodriguez, considering similar analysis employed by various courts of appeals, reasoned that

5

although Plaintiff was a federal civilian employee, her supervisor was also her military superior officer. Id. at 416. Thus, he concluded, "it cannot be said that the complained-of circumstances have arisen wholly in the civilian context of Plaintiff's civilian employment. She is challenging the conduct of a superior officer, which infringes upon the miliary rank relationship, as well as challenging promotion decisions central to the miliary hierarchy." Id. at 417. Not only does this Court agree with the sound judgment and reasoning of Judge Rodriguez, but also may extend the holding to the facts of this case with relative ease.[2]

Since Urie, the Third Circuit has addressed the question at issue here, albeit in an unpublished opinion. Willis v. Roche, 256 Fed. Appx. 534 (3d Cir. 2007) (extending intramilitary immunity and the Feres doctrine in cases where hybrid-type military employees seek money damages under Title VII). Citing a host of opinions by various courts of appeals, generally the same as those considered by Judge Rodriguez, the Third Circuit agreed that Feres is a bar to suit where a plaintiff's Title VII "claims arise in whole or in part out of the military aspects of [his] job." Id. at 536-37. Further, the Court opined that where a plaintiff's claims arise wholly out of his relationship with his supervisor in both his civilian and military roles, it is "difficult, if not impossible, to partition [plaintiff's] relationship with [his supervisor] into civilian and military components." Id. at 537. Particularly given the Third Circuit's extension of Feres to LAD cases, it is appropriate for this Court to apply the Feres doctrine to Plaintiff's Title VII claim in this case. See Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150 (3d. Cir. 2007). The nature of Plaintiff's position is, therefore, the remaining consideration in determining whether Plaintiff's Title VII claim is properly barred by Feres.

---

[2] The plaintiff in that case was Kate Urie, Plaintiff's former supervisor.

Pursuant to the National Guard Technicians Act of 1968, the National Guard technician position confers a "dual status," as both a civilian and a military employee. 32 U.S.C. § 709(b). As described, the so-called Feres doctrine prohibits members of the military from bringing tort or constitutional claims in civilian courts to recover damages against their superior officers. Chappell, 462 U.S. at 305. When courts have considered whether a National Guard technician's claim "arise[s] out of or in the course of" military service, as opposed to the civilian aspect of the position, they have focused on the requirement of the National Guard Technicians Act in §709(b) that, as a condition of employment, the technician also must be a member of the National Guard. 32 U.S.C. § 709(b). The Third Circuit has made clear that an analysis of the specific threat to military discipline possibly posed by a plaintiff's claim is not required. Jorden v. National Guard Bureau, 799 F.2d 99, 108 (3d Cir. 1986). In Jorden, the court read Chappell to encompass all intramilitary § 1983 claims against superior officers. Id.

Here, as in Jorden and Urie, Plaintiff held a dual-status position with the Air National Guard. As in those cases, the nature of Plaintiff's relationship with his superiors cannot easily be parsed between the civilian and military aspects of his role. Plaintiff would have the Court believe that his claims arise out of the civilian aspects of his job, but because Urie was his superior in both roles it is impossible to argue that her allegedly discriminatory conduct only arose in the course of their civilian relationship. To parse the nature of the relationship between Plaintiff and Urie, as well as the other superior officers a part of the alleged discrimination, "would itself threaten to intrude into their military relationship." Willis, 256 Fed. Appx. at 537 (quoting Overton v. new York State Div. Of Military and Naval Affairs, 373 F.3d 83, 96 (2d Cir. 2004); see also Urie, 209 F. Supp. 2d at 417 ("She is challenging the conduct of a superior

officer, which infringes upon the military rank relationship.")) Thus, plaintiff's claim is not justiciable in this Court, and on this issue, Defendants' motions to dismiss will be granted. Plaintiff may not recover money damages against the Defendants, including the punitive damages he asks this Court to award.

Plaintiff aims to convince this Court that by virtue of certain actions allegedly taken by Defendants, a motion to dismiss grounded in the Feres doctrine is unavailable based upon principles of equitable estoppel. However, "no action of the parties can confer subject-matter jurisdiction upon a federal court." Insurance Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, regardless of the actions Plaintiff alleges led him to believe that his claims would be justiciable here, estoppel cannot confer jurisdiction over his claims where this Court does not otherwise have jurisdiction.

    1.    **Reinstatement**

Plaintiff does not contest the motion to dismiss his claims for equitable and injunctive relief in his opposition to the instant motions. The Federal Defendants argue that Plaintiff's prayer for relief in the form of reinstatement is unavailable because, they aver, his current employment and status in the New York National Guard make him ineligible for reinstatement to his position with the New Jersey Air National Guard. Although the Federal Defendants provide case law to support their contention, they fail to point to any indication in Plaintiff's Complaint to show that he is in fact currently a member of the New York National Guard. The Federal Defendants merely point to Plaintiff's contention that he requested such a transfer in March

2007.³  Without evidence in Plaintiff's Complaint to show that he is ineligible for reinstatement, the Federal Defendants' motion to dismiss fails and will be denied on this point.

The State Defendants contend, alternatively, that reinstatement would improperly involve this Court in military affairs.  Citing no Third Circuit precedent, the State Defendants ignore the court of appeals' analysis in Jorden, where it held that injunctive relief in the form of reinstatement is available as a remedy.  799 F.2d at 108-11.  Accordingly the State Defendants' motion to dismiss as it pertains to Plaintiff's reinstatement will be denied.

### 2.   Restraining Order

The Federal Defendant moves to dismiss Plaintiff's prayer for relief in the form of a restraining order against Defendants, arguing that the issue is moot as Plaintiff is no longer employed with the New Jersey Air National Guard.  Generally, a case becomes moot when the issues presented no longer present a live controversy or the parties lack a cognizable interest in the outcome.  See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998); Powell v. McCormack, 395 U.S. 486 (1969).  As the only restraint Plaintiff seeks is "further harassment and retaliation of the Plaintiff," which implies the continuation of the workplace harassment and retaliation complained of, and as Plaintiff is no longer employed by the New Jersey Air National Guard (Compl. at ¶ 42), there is no current risk of workplace harassment against him by his former superiors in the New Jersey Air National Guard.  His requested demand for restraints is a moot issue.  On this issue, the Federal

---

³ Although the Federal Defendants would have the Court look to their Exhibit B, the transfer order purportedly evincing Plaintiff's current membership in the New York National Guard.  Such evidence falls outside the pleadings and may not be considered on a motion to dismiss.

9

Defendant's motion will be granted. As the Court finds the issue moot, it will also grant the State Defendants' motion with respect to the requested restraining order.

  B.  **Plaintiff's NJLAD Claim**

Because Plaintiff was a federal employee, Title VII provides his exclusive right to relief in an action such as this one. The National Guard Technicians Act, 32 U.S.C. § 709(e), provides that Plaintiff was a federal employee when he was employed by the New Jersey Air National Guard. Congress has designated Title VII as the sole statutory remedy for federal employees who wish to pursue employment discrimination claims against their employer. See 42 U.S.C. § 2000e-2; Brown v. General Services Administration, 425 U.S. 820, 829 (1976) ("[T]he structure of the 1972 amendment [that provided federal employees with a remedy under Title VII] itself fully confirms the conclusion that Congress intended it to be exclusive and pre-emptive."); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, establishes the exclusive remedy for federal employees who allege discrimination in the workplace."). Accordingly, Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claim brought pursuant to the LAD will be granted.

  C.  **Plaintiff's COBRA Claim**

Defendants move for the Court to dismiss Plaintiff's claims under COBRA either because Plaintiff was not insured under a qualifying plan (the Federal Defendant's argument) or because the Feres doctrine precludes such a claim (the State Defendants' argument). The Federal Defendant's argument relies on information outside the pleadings. Without evidence in Plaintiff's Complaint to show that he is ineligible for COBRA benefits, the Federal Defendants' motion to dismiss fails. The State Defendants admit a lack of support for their novel argument.

10

This Court will not extend the <u>Feres</u> doctrine, particularly where such an extension falls outside the realm of the Supreme Court's reasoning in <u>Feres</u> and its progeny. Accordingly, the Defendants' motions to dismiss Plaintiff's Count Four will be denied.

## IV. CONCLUSION

Based on the foregoing reasoning, the Court will GRANT in part the Federal and State Defendants' motions, dismissing Plaintiff's Title VII claim for money damages and a restraining order as well as Plaintiff's LAD claim. The Court will DENY, however, Defendants' motion to dismiss Plaintiff's claim for reinstatement under Title VII as well as Plaintiff's claim as to COBRA benefits. An accompanying order shall issue today.

Dated: 6-29-09

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge